4TH JUDICIAL DISTRICT COURT

OUACHITA PARISH, LOUISIANA

CASE NO.: 16-0917　　　　　　　　　　　SECTION: _____

ATLANTIC SPECIALTY INSURANCE COMPANY AS SUBROGEE OF
HIXSON AUTOMOTIVE LLC

VERSUS

FORD MOTOR COMPANY

*FILED MAR 28 2016 — 4TH JUDICIAL DISTRICT COURT, OUACHITA PARISH, LA*

### PLAINTIFF'S ORIGINAL PETITION FOR DAMAGES

NOW INTO COURT, by and through undersigned counsel, comes Plaintiff Atlantic Specialty Insurance Company as subrogee of Hixson Automotive LLC (hereinafter referred to as "Atlantic Specialty" or "Plaintiff"), complaining of Ford Motor Company (hereinafter referred to as "Ford," or "Defendant"), and in support of its causes of action will show unto the Court the following:

### I.
### PARTIES

1.

Plaintiff, Atlantic Specialty Insurance Company as subrogee of Hixson Automotive LLC ("Atlantic Specialty"), is a foreign insurance company that is authorized to provide in insurance in the State of Louisiana. At all times relevant hereto, Atlantic Specialty insured, amongst other things, the moveable and immoveable property located at 1201 Louisville Avenue, Monroe, Louisiana 71201.

2.

Made defendant herein:

Defendant, Ford Motor Company, is a Delaware corporation, doing business in Louisiana as a manufacturer of cars and trucks.

*OUACHITA PARISH CLERK OF COURT — 2016 MAR 28 A 9:27 RECEIVED*

### II.
### JURISDICTION & VENUE

3.

This Court has jurisdiction over the parties and controversies involved in this litigation because Ford maintained sufficient minimum contacts with the State of Louisiana such that the exercise of personal jurisdiction over said defendant would not offend traditional notions of fair

LEGAL\26205144\1 00017.0011.000/366245.000

*CASE ASSIGNED TO: CV. SECT. 5*

EXHIBIT A

play and substantial justice; and the amount in controversy exceeds the Court's minimum jurisdictional limits.

4.

Venue is proper in this Court because all or substantially all of the acts and/or omissions that gave rise to this claim occurred in Ouachita Parish, Louisiana.

## III.
## STATEMENT OF FACTS

5.

Hixson Automotive (Plaintiff's Insured) owns and operates a vehicle retail and repair facility located at 1201 Louisville Avenue, Monroe, Louisiana 71201.

6.

On April 4, 2015, a fire ignited inside the engine compartment of a 2014 Ford F-350 that had been parked inside the garage at Hixson Automotive for several days.

7.

The fire started when the F-350 was parked, the engine was off and the keys were out of the ignition.

8.

Although the F-350 was turned off and the keys were out of the ignition, Defendant Ford designed the electrical system for the F-350 to include a limited number of constantly energized circuits.

9.

An inspection of the garage and the F-350—in conjunction with representatives from Ford—revealed that the fire originated inside the engine compartment. The fire ignited after a circuit failed and arced; thereafter igniting surrounding combustible material.

10.

Fire and smoke spread into the garage and caused damage to the structure and business property. In addition, Hixson Automotive lost revenue while a section of the garage was closed for demolition and repairs.

11.

After the fire, Hixson Automotive submitted a first-party claim to Atlantic Specialty. The claim has been fully adjusted and Atlantic Specialty paid to or on behalf of its insured an amount in excess of the Court's minimum jurisdictional limits.

EXHIBIT A

12.

Atlantic Specialty made the aforementioned payments pursuant to its obligations under its insurance contract with Hixson Automotive. Pursuant to the terms of its insurance contract, Atlantic Specialty is conventionally subrogated to the rights of its insured.

13.

Alternatively, Atlantic Specialty satisfied a debt the property damage and lost business revenue—that was owed by a third-party. Atlantic Specialty is legally subrogated to the rights of Hixson Automotive.

## IV.
## CAUSES OF ACTION

**PRODUCTS LIABILITY**

14.

Plaintiff adopts and incorporates herein, by reference, the above-paragraphs and would further show the Court as follows:

15.

Ford is a manufacturer, as defined by Louisiana Revised Statute 9:2800.53(1), because it is in the business of manufacturing a product for placement into commerce.

16.

Ford's product, the 2014 F-350, was unreasonably dangerous in construction and/or composition because, at the time that the vehicle left Ford's possession and control, it deviated in a material way from its specifications or performance standards. Specifically, the vehicle's electrical circuits, that were designed to be powered-all-time, were damaged. The damaged wiring insulation caused the circuit to fail and ignited nearby combustible material. The vehicle's defect in construction or composition was a proximate cause of Plaintiff's damages.

17.

In addition to the F-350 being defective in construction or composition, it was unreasonably dangerous in design. Specifically, the failed powered-all-time circuit had inadequate overcurrent protection. Had the circuit been adequately protected by a properly sized fuse, electricity to the failed circuit would have terminated during the failure's incipient stages.

3

EXHIBIT A

Furthermore, the vehicle's powered-all-time circuits were not adequately protected to prevent its circuits from becoming damaged. At the time that the vehicle left Ford's control, there existed an alternative design that was capable of preventing Plaintiff's damages. The vehicle's defective design was a proximate cause of Plaintiff's damages.

18.

The Ford F-350 was unreasonably dangerous because there were no warnings that the vehicle contained powered-all-time circuits which could fail even when the vehicle's engine was off and the keys were out of the ignition. The fact that the vehicle's electrical circuits could fail and start a fire—even with the engine off and the keys out of the ignition—could not be contemplated by an ordinary user or handler of the product. Ford's failure to provide an adequate warning was a proximate cause of Plaintiff's damages.

19.

The Ford F-350 was unreasonably dangerous because it failed to conform to Ford's express warranties. Ford's express warranties induced the vehicle's owner to purchase the F-350, and Plaintiff's damage were proximately caused because Ford's express warranties were untrue.

## V.
## DAMAGES

20.

As a direct and proximate result of the aforementioned claims and causes of action, Plaintiff sustained economic damages related to:

(a) Repairing and/or cleaning the damaged immoveable property;

(b) Repairing and/or replacing fire damaged business personal property; and

(c) Lost business income.

Defendant Ford is liable for Plaintiff's damages, which are in excess of the Court's minimum jurisdictional limits.

## PRAYER

For these reasons, Plaintiff, Atlantic Specialty Insurance Company, requests that Ford Motor Company be cited to appear and answer herein, and that at the final hearing hereof, Plaintiff has and recovers a judgment, against the Defendant in the amount of Plaintiff's actual

4

damages, court costs and judicial interest from the time of judicial demand until the entry of a final judgment.

Respectfully submitted

**COZEN O'CONNOR**

By: _____
JAKE P. SKAGGS
TBN: 24033072
LyondellBasell Tower
1221 McKinney, Suite 2900
Houston, Texas 77020
(832) 214-3926 (Telephone)
(832) 214-3905 (Telecopy)

**ATTORNEYS FOR PLAINTIFF**

PLEASE SERVE:

Ford Motor Company
by and through its registered agent
CT Corporation System
3867 Plaza Tower Drive
Baton Rouge, LA 70816

A TRUE COPY
_____
DEPUTY CLERK
4th JUDICIAL DISTRICT COURT
OUACHITA PARISH, LA

5